## No 1949.—WALDO J. ELMORE v. KEARNY, BLOIS & CO.

Plaintiff, a merchant in New York, sold a lot of goods to Kearny, Blois & Co. of New.Orleans. The evidence is that the goods were shipped on board the steamer Texana, without insurance; that the Texana was captured by a rebel cruiser on the high seas and the cargo became a total loss. Plaintiff brings suit against Kearny, Blois & Co. for the amount of his bill so shipped, who resist the payment on the ground that, not having received the goods, they were not liable.

Held—That the purchasers having ordered the goods, and given special instruction not to insure, they must be considered as having taken the risk of the goods upon themselves and they were therefore liable, notwithstanding they had not been received.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Fellows & Mills*, for plaintiff and appellee. *Geo. L. Bright*, for defendants and appellants.

TALIAFERRO, J. The plaintiff, who is a merchant of New York, sued the defendants, who are commercial partners, trading and doing business in New Orleans, for the sum of $557, the amount of a bill of goods shipped by the plaintiff to the defendants in the month of April, 1863. The answer is a general denial. The plaintiff had judgment in the court below, and the defendants appealed.

The evidence shows that the parties had previously dealt with each other, the defendants ordering goods at different times previous to

ordering the bill for which this suit is brought. The plaintiff filled the bills and was in the habit of forwarding to New Orleans at each shipment the bill of lading and draft on defendants for the amount of the bill of goods. The last shipment, but one, was made on the fifteenth of April, 1863, and was composed of the goods for which defendants refuse to pay. This shipment was made on board a vessel called the "Texana," which was captured and destroyed by a rebel cruiser. The goods were consequently never received. One of the plaintiff's witnesses in his testimony specifies three different shipments made by plaintiff to defendants, two before the one made on fifteenth April, 1863, and one afterwards. All the shipments seem to have been made in the same manner and upon the same basis. This witness says, in regard to insurance, that nothing was ever said by the defendants in their business correspondence about it except on one occasion in a letter received from the defendants before the shipment of the goods that were lost, and they said in that letter " don't insure." An effort is made on the part of the defense to show a discrepancy between the articles shipped and those ordered. The letter ordering the articles specifies only one article of a particular kind—a large kind of lamps, describing them—which if not to be had others were to be sent. We find in the bill quite a variety of this kind of merchandise, such as lamps, lanterns, etc., of various names and kinds. The defendants further contend that if the merchandise was at the risk of the defendants at the time of the shipment the subsequent orders of the plaintiff wholly changed the obligation of the defendants. This change of relation between the parties, set up in defense, is that as soon as the shipment was made plaintiff transferred to a banker of New York the bill of lading and gave him a draft on the defendants with these instructions:  "No protest; if paid please remit; if not accepted please return all the papers to me. If they refuse acceptance on account of non-arrival of the goods shipped, please take acceptance on the arrival thereof." Upon this, the defendants say that the arrival of the goods was a condition precedent to the payment for them. We think differently. When, by ordering the shipment, and especially after instructions to the defendants before the shipment was made not to insure, they plainly took upon themselves the risk of the goods. We can not believe the plaintiff assumed the risk and entered into a stipulation by which he might be injured and the defendants alone benefited. One of the firm of Kearny, Blois & Co. in his testimony says:  "The goods were ordered by us." We see no force in the defense, and think the decree of the lower court was correctly rendered.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.